UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL ADAMS,

                      Plaintiff,

      -against-

VERNA MARTIN, *et al.*,

                     Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 1243 (RER) (CLP)

**POLLAK**, United States Magistrate Judge:

      On February 16, 2023, plaintiff Michael Adams ("plaintiff") commenced this action against defendants Verna Martin, Michelle Burke, and Jemz Restaurant Inc. (collectively, "defendants"). (Compl.[1]). Plaintiff alleges that defendants violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., and the ADA's Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36, by failing to provide facilities that are accessible to plaintiff, who, as a result of a disability, uses a wheelchair. (Id.)

      Currently pending before this Court is plaintiff's Motion for Default Judgment. (Pl.'s Mem.[2]). For the reasons set forth below, this Court respectfully recommends that the District Court GRANT plaintiff's motion.

## FACTUAL BACKGROUND

      Plaintiff, a wheelchair user, born with cerebral palsy, resides in Brooklyn, New York. (Compl. ¶¶ 2, 3). Defendants Verna Martin and Michelle Burke are the alleged owners and/or lessors of the real property that is the subject of this action, located at 1171 St. John's Place, Brooklyn, New York 11213 ("Subject Property"). (Id. ¶ 7). Defendant Jemz Restaurant Inc. is

---

[1] Citations to "Compl." refer to the Complaint, filed February 16, 2023 (ECF No. 1).
[2] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of his Motion for Default Judgment, filed February 15, 2024 (ECF No. 21-1).

1

the alleged lessee and operator of the business located at the Subject Property, known as Jemz Jamaican. (Id. ¶ 8). Plaintiff alleges that the Subject Property is "a place of public accommodation under the ADA." (Id. ¶ 9).

Plaintiff alleges that he encountered barriers to access when he visited the Subject Property, and although he desires to return, he cannot do so until these barriers are remediated. (Id. ¶ 10). Further, plaintiff alleges that these barriers prevent wheelchair users from accessing the Subject Property and "enjoying the goods and services offered therein," in violation of the ADA. (Id. ¶¶ 11, 16). Plaintiff lists more than twenty alleged ADAAG violations, but notes that an inspection is required to determine all of the violations at the Subject Property. (Id. ¶¶ 17, 18). Plaintiff also asserts that the removal of the alleged ADA violations is "readily achievable." (Id. ¶ 19).

Plaintiff contends that he (1) has no adequate remedy at law, (2) is suffering irreparable harm, and (3) will continue to suffer irreparable harm unless defendants are required to remove the alleged ADA violations. (Id. ¶ 20). Consequently, he asserts that he is entitled to injunctive relief, including an order to alter the Subject Property to make it readily accessible and ADA-compliant, and to close the Subject Property until the modifications are completed; in addition, he seeks an award of reasonable attorney's fees, costs, and expenses. (Id. ¶¶ 21, 22).

## PROCEDURAL BACKGROUND

On February 16, 2023, plaintiff filed the Complaint, which was served on Michelle Burke and Verna Martin on May 3, 2023, and on Jemz Restaurant Inc. on May 9, 2023.[3] (See ECF Nos. 9, 13, 14). After defendants failed to file an Answer or otherwise respond within the

---

[3] The Affidavit of Service indicates that the Complaint was served on Jemz Restaurant Inc. on May 9, 2023; however, the accompanying docket text lists the date as May 10, 2023. (See ECF No. 9; see also Docket Entry, dated July 25, 2023).

2

required time period, plaintiff filed a request on November 5, 2023, for entry of a Clerk's Certificate of Default. (ECF No. 15). On November 15, 2023, the Clerk of the Court entered a Certificate of Default against Michelle Burke and Jemz Restaurant Inc. (ECF No. 16), but denied plaintiff's request with respect to Verna Martin, as the affidavit of service was not signed by the process server. (Docket Entry, dated November 15, 2023). On December 18, 2023, plaintiff filed the corrected affidavit of service on Verna Martin (ECF No. 19), and on December 20, 2023, the Clerk of the Court entered a Certificate of Default against Verna Martin. (ECF No. 20).

On February 15, 2024, plaintiff filed the pending Motion for Default Judgment, accompanied by a supporting Memorandum of Law, an Affidavit/Affirmation in support of his motion, as well as a Proposed Order of Default against defendants. (ECF Nos. 21-23). On February 26, 2024, the District Court issued an Order referring plaintiff's Motion for Default Judgment to the undersigned for a Report and Recommendation. (Order, dated February 26, 2024).

## DISCUSSION

I. Default Judgment Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of the Court automatically enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id. Second, after the Clerk of the Court enters a default against a party, if that party fails to appear or

otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment.  See Fed. R. Civ. P. 55(b).

The Second Circuit has cautioned that a default judgment is an extreme remedy that "must remain a weapon of last, rather than first, resort."  Meehan v. Snow, 652 F.2d 274, 277 (2d. Cir. 1981).  While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id.  Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because the defendants are in default.  See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

II. Default Determination

A party defaults when it "has failed to plead or otherwise defend" the case.  Fed. R. Civ. P. 55(a).  The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'"  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted).  However, the "typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer."  Id. (alterations and internal quotation marks omitted).  Although individual defendants may appear by counsel or *pro se* to defend themselves in an action, corporate defendants must appear by counsel to avoid default.  See La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (holding "a failure to

4

obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court *pro se*") (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)).

Here, it is beyond dispute that defendants are in default. Despite proper service, none of the defendants have appeared, either *pro se* or through counsel, in this action. Defendants have failed to file an Answer or otherwise move with respect to the Complaint. Moreover, defendants have failed to respond to plaintiff's Motion for Default Judgment. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion").

III.   Liability

For the purposes of a default judgment motion, all factual allegations in the complaint, apart from those relating to damages, are deemed true. Adams v. 724 Franklin Ave. Corp., No. 16 CV 5138, 2016 WL 7495804, at *1 (E.D.N.Y. Dec. 30, 2016) (citing cases). However, "[t]he complaint still has to state a valid claim for relief for plaintiff to proceed to default judgment." Id. (citing Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010)). Here, plaintiff has asserted claims under Title III of the ADA, which requires a plaintiff to "establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008), cert. denied, 129 S. Ct. 1581 (2009); see also Makhnevich v. Bougopoulos, 650 F. Supp. 3d 8, 28 (E.D.N.Y. 2023), aff'd sub nom. Makhnevich v. Novick Edelstein Pomerantz PC, No. 23 CV 202, 2024 WL 2207061 (2d Cir. May 16, 2024).

Plaintiff has alleged the three necessary prongs. First, plaintiff alleges that he is disabled within the meaning of the ADA because he has cerebral palsy, which requires him to "ambulate in a wheelchair." (Compl. ¶ 3); see Rutledge v. Haru Inc., No. 20 CV 7461, 2021 WL 4429328, at *1 (S.D.N.Y. Sept 28, 2021) (finding identical allegations about wheelchair use by a plaintiff sufficient to allege the first prong of ADA liability) (citing 28 C.F.R. § 36.105(d)(2)(iii)(D)); see also Adams v. 724 Franklin Ave. Corp., 2016 WL 7495804, at *3 (same).

Second, plaintiff alleges that defendants own, lease, or operate the Subject Property (a restaurant), which is a place of public accommodation. (Compl. ¶¶ 7-9); see Rutledge v. Haru Inc., 2021 WL 4429328, at *1 (citing 42 U.S.C. § 12181(7)(B), which includes in its definition of public accommodation "a restaurant, bar, or other establishment serving food or drink").

As to the third prong, plaintiff alleges various violations of the ADA that make it difficult for plaintiff to access the Subject Property. (See Compl. ¶¶ 16, 17). Specifically, plaintiff alleges numerous ADAAG violations, including non-compliant doorknobs that require twisting of the wrist, failure to meet the minimum required percentage of accessible dining tables, a lack of grab bars on the rear and side walls of the restroom water closet, and failure to provide the required minimum turning space in the restroom. (Id. ¶ 17). Courts have held that "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Harty v. Spring Valley Marketplace LLC, No. 15 CV 8190, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted).

Plaintiff also alleges that due to these violations, he could not access the Subject Property "without substantial hardship," "is suffering irreparable harm," and "will continue to suffer irreparable harm." (Id. ¶¶ 14, 15, 20). Further, plaintiff claims that although he "intends to visit

6

the [Subject Property] in the future," his access "will continue to be denied" as a result of these violations. (Id. ¶ 15). Plaintiff alleges that the removal of the ADA violations noted in the Complaint is "readily achievable and can be accomplished and carried out without much difficulty or expense." (Id. ¶ 19 (citing 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304)). As a result, plaintiff contends that he has been discriminated against in violation of the ADA. (Id. ¶¶ 16, 17); see 42 U.S.C. § 12182(b)(2)(A)(iv) (defining discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable").

Given that the factual allegations in the Complaint are deemed true for the purpose of a default judgment, the Complaint meets "all the necessary elements of a claim under the ADA." Adams v. 724 Franklin Ave. Corp., 2016 WL 7495804, at *3 (involving another ADA case filed by this plaintiff with nearly identical allegations of ADA violations).

Accordingly, it is respectfully recommended that a default judgment enter in favor of plaintiff based upon defendants' alleged violations of the ADA.

IV.   Relief

    A.   Legal Standard

"'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Although the court "must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989). Rather,

7

"the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Id.; see Fustok v. Conticommodity Servs., Inc., 873 F.2d at 40 (holding that "it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment").

Here, since plaintiff seeks injunctive relief, attorney's fees, and costs, but does not seek monetary damages, the Court finds a hearing unnecessary and respectfully recommends the relief set forth below.

B.     Injunctive Relief

Under Title III of the ADA, the sole available remedy is "injunctive relief to compel architectural compliance" and discretionary attorney's fees. See Taylor v. 312 Grand St. LLC, No. 15 CV 5410, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) (citing 42 U.S.C. §§ 12188(a); 12182(b)(2)(A)(iv)); see also Brennan v. NCA Comp Inc., No. 22 CV 127, 2022 WL 4290660, at *8 (N.D.N.Y. Apr. 25, 2022), report and recommendation adopted, 2022 WL 3097843 (N.D.N.Y. Aug. 4, 2022). Here, plaintiff has established standing to seek injunctive relief by alleging that: (1) he visited the Subject Property and encountered barriers to access, (2) he intends to return in the future "to enjoy to [sic] goods and services offered therein," but will continue to experience barriers to access, and (3) that he lives in Brooklyn, where the Subject Property is also located. (Compl. ¶¶ 2, 4, 7). See Bernstein v. City of New York, 621 Fed. App'x. 56, 57 (2d Cir. 2015) (summary order) (stating that there is standing in ADA suits seeking injunctive relief "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' services to plaintiff's home, that plaintiff intended to return to the subject location") (internal alterations and quotation

8

marks omitted); see also Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021) (finding plaintiff established his standing to seek injunctive relief under Title III of the ADA), report and recommendation adopted, 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021).

Since plaintiff has "cited to the particular ADA regulation[s] requiring compliance," has alleged that defendants have failed to comply with those provisions where such compliance is readily achievable, and defendants have chosen not to challenge those allegations by defaulting, plaintiff is entitled to injunctive relief. Adams v. 724 Franklin Ave Corp., 2016 WL 7495804, at *3; see also Hashimi v. CLMO, LLC, 2021 WL 3478174, at *3.

The "often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." Taylor v. 312 Grand St. LLC, 2016 WL 1122027, at *4 (collecting cases); see also Hashimi v. CLMO, LLC, 2021 WL 3478174, at *4. Plaintiff requests: (1) that defendants be ordered to submit a remediation plan to plaintiff's counsel within sixty days of plaintiff filing proof of service of such an order upon defendants; (2) that plaintiff shall have thirty days after receiving defendants' remediation plan to file consent to it or to seek further relief; and (3) that defendants shall be required to make necessary alterations within sixty days of plaintiff's consent or a subsequent order from this Court. (Pl.'s Proposed Order[4]). Courts in this district have granted injunctive relief similar to what plaintiff has requested. See, e.g., O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942, 2020 WL 4013187, at *1, 5 (E.D.N.Y. July 16, 2020); Shariff v. Beach 90th Street Realty Corp, No. 11 CV 2551, 2013 WL 6835157, at *1 (E.D.N.Y. Dec. 20, 2013).

---

[4] Citations to "Pl.'s Proposed Order" refer to plaintiff's Proposed Order of Default Judgment, filed February 15, 2024. (ECF No. 23).

9

Thus, the Court respectfully recommends that defendants be required to submit a compliance plan to remedy the violations described in the Complaint within sixty days of any Order adopting this Report and Recommendation; that plaintiff be given thirty days from receipt of the compliance plan to consent to the remediation plan, or seek further relief from the Court; and that defendants be directed to make the necessary alterations within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief.

In his Complaint, although not in his Motion, plaintiff requested relief in the form of a permanent injunction ordering defendants to close the Subject Property "until the barriers are removed and requisite alterations are completed." (Compl. at 12). As plaintiff has not included this requested relief in his pending Motion or Proposed Order, it is considered abandoned, and the Court need not address it at this time. (See Pl.'s Mem.; Pl.'s Proposed Order).

C.  Attorney's Fees and Costs

The ADA permits a prevailing party to recover attorney's fees, including litigation costs and expenses. Rutledge v. Haru Inc., 2021 WL 4429328, at *3 (citing 42 U.S.C. § 12205). An award of attorney's fees under the ADA is discretionary. See 42 U.S.C. § 12205. Clearly, plaintiff is a prevailing party if his motion for default judgment is granted as recommended by this Court. See Hashimi v. CLMO, LLC, 2021 WL 3478174, at *4.

In his Complaint, plaintiff requested attorney's fees, costs, and expenses. (Compl.). Now, in his Motion, plaintiff requests leave to file a motion for attorney's fees, costs, and expenses at a later date in order to "submit a complete bill for legal services incurred in this action including any hours expended preparing for any default hearing, and any other proceedings relating to compliance with the injunction." (Pl.'s Mem. at 11). Consistent with previous decisions in this district concerning similar circumstances, the Court respectfully

10

recommends that plaintiff be given leave to file a motion for attorney's fees within six months after an Order adopting this Report and Recommendation, and "upon demonstrating reasonable efforts to enforce the injunction."  Grinblat v. Apna Food & Oil Corp., No. 19 CV 6746, 2020 WL 7481508, at *7 (E.D.N.Y. Aug. 26, 2020), report and recommendation adopted, 2020 WL 7481327, at *2 (E.D.N.Y. Dec. 18, 2020); see also Taylor v. 312 Grand St. LLC, 2016 WL 1122027, at *6 (holding that "it is incumbent upon counsel to actually make some effort to achieve something in [a case enforcing the ADA] besides obtaining a piece of paper (the judgment) that may amount to nothing more than a justification for an award of attorneys' fees").

## CONCLUSION

Accordingly, the Court respectfully recommends that the District Court GRANT plaintiff's Motion for Default Judgment by issuing an injunction requiring: (1) defendants to submit a compliance plan to remedy the violations described in the Complaint no later than sixty days after any Order adopting this Report and Recommendation is issued; (2) that plaintiff be given thirty days from receipt of the compliance plan to consent or seek further relief from the Court; and (3) that defendants be directed to make the necessary alterations within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief.  Additionally, the Court recommends that plaintiff be given six months from the date of any Order adopting this Report and Recommendation to file his motion for attorney's fees and costs.

Plaintiff is Ordered to serve this Report and Recommendation on defendants and file proof of service on the docket by July 24, 2024.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's

Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
July 19, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York